

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Julian Montgomery
State Highway Engineer
Austin, Texas

Dear Sir:

Opinion No. O-2101
Re: Authority of the Highway De-
partment to withhold issuing
license plates for the motor
buses belonging to a partic-
ular company to the tax col-
lector of a county in which
said company may not register
its motor vehicles.

We are in receipt of your letter of March 20,
1940, in which you state that the Highway Department has
determined that the All American Bus Lines may register
its buses only in Dallas County. Based on such fact, you
request our answer to the three questions set out in your
letter as follows:

"(a) Is it the duty of the Highway Depart-
ment to supply the Tax Collector of Dallas Coun-
ty with bus plates for the registration of the
buses of the All American Bus Lines?

"(b) Knowing that the All American Bus Lines
does not maintain a principal office in this other
county, and also knowing that no motor bus company
maintains a legal residence or principal office
in this other county, is it the duty of the High-
way Department, under such circumstances, to sup-
ply the Tax Collector of this other county with
bus plates for the All American Bus Lines simply
because a request has been made of the Department
by the Tax Collector of this other county for
such plates in order to register the buses of the
All American Bus Lines?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(c) If your answer to question (b) is in the affirmative, then what is the duty of the Highway Department should still another county request bus plates in order to register the buses of the All American Bus Lines? Also inform us as to the duty of the Highway Department should every county in Texas request an unlimited supply of motor bus plates."

In opinion No. 0-2050, addressed to you, you will recall our ruling as follows, in connection with the authority of the Highway Department:

"'9. What, if any, is the authority of the Highway Department to determine disputed classifications of vehicles and other questions involving construction of the registration laws which arise from time to time?'

"Article 6675a, Vernon's Annotated Civil Statutes, places the duty of motor vehicle registration upon the State Highway Department. When the county tax collector acts, he acts only as agent of said Department. Article 6675a-2, supra, provides, in part:

"! . . shall apply each year to the State Highway Department through the county tax collector. . . .'

"Article 6675a-12, Vernon's Annotated Civil Statutes, provides, in part:

"'The Department shall issue, or cause to be issued, to the owner of each vehicle registered under the provisions of this Act a license receipt which shall indicate. . .'

"Article 6675a-13, Vernon's Annotated Civil Statutes, provides, in part:

"'The Department shall issue or cause to be issued, one license number plate for each motor cycle, road tractor, trailer or semi-trailer, and two license number plates for any other vehicle registered under this Act. . . .'

"The Act also provides for the application to be made to the county tax collector who is the only one authorized to receive the license fees provided in the Act.

"It may be seen from the above quoted provisions of the Motor Vehicle Registration Act that the application is made to the State Highway Department who is to issue a license receipt and license plates. Nowhere in the Act is it provided whose word is to be final in case of disputed classification of vehicles. From the above quoted statutes which place the duty on the State Highway Department to receive the application and to issue the license plates and the license receipts, we are of the opinion that the State Highway Department is the proper authority to determine disputed classification of vehicles. It is evident throughout the Act that the tax collector is merely acting as agent for the State Highway Department. Your attention is further called to the fact that the only time that it becomes necessary for the application to be submitted to the State Highway Department for said Department's approval before license plates may be issued is in case of vehicles which are the property of the United States Government or the State of Texas or any county or city thereof. Article 6675a-3aa so specifically provides.

"While the Act taken as a whole probably contemplates that the county tax collector is to issue the license receipt upon application received by him, the Act places the duty of the enforcement of the same upon the State Highway Department which Department should be the final authority in the settlement of disputed classifications.

"The authority discussed in connection with this question is as between the State Highway Department and the county tax collector. Nothing herein shall be construed as prohibiting an appeal by a motor vehicle owner from a ruling of the Highway Department to the courts of this State."

In answer to your question (a) it is our opinion that the Highway Department having determined that the buses

Honorable Julian Montgomery, Page 4

of the All American Bus Lines should be registered in Dallas County, it then becomes the duty of said Department to supply the Tax Collector of Dallas County with license plates for the registration of such buses.

In answer to your question No. b you are advised that based upon the facts stated, it is not the duty of your Department to send motor bus liodnse plates to this other county for the registration of the buses in question in said county, which registration would be, as you state, unauthorized by law.

As we have answered your question No. b in the ttive your question No. c does not need to be answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Billy Goldberg
                  Billy Goldberg
                  Assistant

APPROVED MAR 22, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY